**Ena Mae BACQUIE, Plaintiff–
Appellant,**

v.

**LIBERTY MUTUAL INSURANCE COMPANY and Liberty Life Assurance Company of Boston, Defendants–
Appellees.**

No. 06–3345–cv.

United States Court of Appeals,
Second Circuit.

Sept. 18, 2007.

Raymond Nardo, Law Office of Raymond Nardo, Mineola, NY, for Plaintiff-Appellant.

Michael J. Zaretsky, Chorpenning Good Carlet & Garrison, New York, NY, for Defendants-Appellees.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges, Hon. CHARLES L. BRIEANT, District Judge.*

### SUMMARY ORDER

Plaintiff-appellant Ena Mae Bacquie appeals from a judgment of the United States District Court for the Southern District of New York (William C. Conner, *Judge* ), granting summary judgment in favor of defendants-appellees Liberty Mutual Insurance Company and Liberty Life Assurance Company of Boston ("defendants"). *See Bacquie v. Liberty Mutual Insur. Co.,* 435 F.Supp.2d 318 (S.D.N.Y. 2006). We assume the parties' familiarity with the facts and the record of prior proceedings.

We review *de novo* the District Court's grant of summary judgment, *Guilbert v. Gardner,* 480 F.3d 140, 145 (2d Cir.2007), and we construe all evidence and draw all reasonable inferences in appellant's favor, *see Quinn v. Green Tree Credit Corp.,* 159 F.3d 759, 764 (2d Cir.1998).

Because the benefit plan at issue gives discretion to an administrator who is operating under a potential conflict of interest, we evaluate whether the administrator's decision to offset Bacquie's long term disability benefits was arbitrary and capricious by examining (1) "whether the determination made by the administrator is reasonable, in light of possible competing interpretations of the plan"; and (2) "whether the evidence shows that the administrator was in fact influenced by such conflict." *Sullivan v. LTV Aerospace &*

---

* The Honorable Charles L. Brieant, United States District Judge for the Southern District of New York, sitting by designation.

*Def. Co.,* 82 F.3d 1251, 1255–56 (2d Cir. 1996).

We believe that the administrator's decision here was unquestionably "reasonable, in light of possible competing versions of the plan," *id.* at 1255. As the District Court explained, the phrase "same Disability" in the "Benefits from Other Income" section of the plan is best read as referring to "the effect, *i.e.,* the inability to sustain employment, rather than the cause, *i.e.,* the specific condition preventing employability." *Bacquie,* 435 F.Supp.2d at 328. Bacquie argues that this interpretation reads the word "same" out of the plan. We disagree. "Same" in this context refers to the same time period of disability. The offset provision would not apply in a case where the period of time an employee was unable to work differs from the period of time for which that employee was awarded disability benefits from Social Security.

Upon careful review of the record, we also agree with the District Court that Bacquie has not established a sufficient question of fact as to whether defendants' benefits determination was influenced by the existence of a conflict of interest. *See Bacquie,* 435 F.Supp.2d at 326. The single comment in the administrative record that defendants sought to "aggressively manage" Bacquie's claim in order "to determine a definite diagnosis" is insufficient to show that defendants were "in fact" influenced by a conflict, *Sullivan,* 82 F.3d at 1256, especially considering that the comment was made several months before the offset decision was made, and that the comment, read in proper context, was simply a product of the case manager's view that Bacquie had been "uncooperative [and] verbally abusive at times."

Accordingly, defendants' decision to offset Bacquie's long term disability benefits by an amount equal to her Social Security disability benefits was not arbitrary and capricious. The judgment of the District Court is therefore AFFIRMED.